IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL GALLO, #B18014, | |
| Plaintiff, | Case No. 20-cv-00423-SPM |
| v. | |
| C/O HUMRICKHOUSE, JESSE JOHNSON, LT. JULLIOUS, C/O HOXWORTH, C/O PEDIGO, LT. CLARK, JOHN DOE, and JANE DOE, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Carl Gallo, an inmate of the Illinois Department of Corrections who is currently incarcerated at Graham Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred at Big Muddy Correctional Center. Gallo claims he was retaliated against for helping other inmates in the law library and filing a grievance. He seeks monetary damages and injunctive relief.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Gallo alleges the following in the Complaint: While at Big Muddy Correctional Center he was retaliated against by staff for helping other inmates in the law library. (Doc. 1). The retaliation began on December 19, 2017, when Correctional Officer Johnson did not let Gallo carry his legal work with him to his job assignment in the law library. Johnson told Gallo he would have to keep his legal work in his cell during his work assignment time and then retrieve the documents from his cell before his 1:00 p.m. library call pass. Johnson threatened Gallo with segregation for trying to take his legal papers to his job assignment.

On May 1, 2018, Gallo had three call passes for the following activities: (1) dental; (2) clothing room; and (3) physician assistant. Gallo went to the law library that morning at 8:00 a.m. for his job assignment. He informed his supervisor he had three call passes that day. After visiting the clothing room, Gallo returned to the cellhouse to return his clothes and sign out to return to work. When he approached the desk, Correctional Officers Johnson and Humrickhouse began harassing, threatening, intimidating, and bullying him. Johnson told Gallo that Gallo had missed the school line and needed to go back to his cell. Gallo usually does not have an issue returning to his job assignment after a call pass, and the school line has nothing to do with Gallo returning to his job assignment in the law library. Gallo explained he was on a call pass and needed to go back to his work assignment. Johnson stated, "I just gave you two direct orders, don't make it three." Gallo tried to tell Johnson that he did not understand, and Johnson interrupted, ordering Gallo to turn over his I.D. Humrickhouse told Gallo he was fired from the law library and would no longer have to worry about working.

The next morning, on May 2, 2018, Gallo was told by Humrickhouse that, per orders from Lieutenant Jullious, Gallo was fired from his job assignment and was not going to work anymore. Gallo tried to speak to Jullious about his firing without a disciplinary ticket or hearing during lunch that day. Jullious responded, "I am the lieutenant, I can fire you, you'll get C-grade, you're fired."

While leaving the chow hall, Humrickhouse handed Gallo a disciplinary report. Gallo was charged with disobeying a direct order.

During the disciplinary hearing before the Adjustment Committee, Chairperson Hoxworth told Gallo he would check to see if Gallo did in fact have a call pass, and if Gallo did, then he would dismiss or expunge the disciplinary report. Later that day, Hoxworth stated that the computer indicated there was no 11:30 call pass to clothing for May 1, 2018. Gallo told Hoxworth to check the cellhouse sign-in log sheet or the clothing room records because both entities would have the call pass on file. Hoxworth responded "I'm not doing all that Gallo, you're getting 30 days C-grade and a disciplinary job transfer."

On May 8, 2018, Gallo was in the law library on a call pass because he had a court deadline. When Lieutenant Jullious saw Gallo in the law library, he asked Gallo why he was in there since Jullious had fired him the week before. Gallo explained he had a call pass. Jullious talked to the officer at the officer's desk, checked the call passes, and went to the administration building. He returned twenty minutes later with Humrickhouse, and they took Gallo to segregation. Jullious told Gallo, "you don't run anything around here I run it." Humrickhouse said, "you won't be going to the library anymore." Gallo was placed in segregation on investigation. The segregation lieutenant told Gallo that investigation segregation is just a blanket to put him in segregation.

An hour later, Pedigo came to Gallo's cell in segregation harassing and further retaliating against Gallo by telling him his personal food and coffee would not fit into his property box. Pedigo directed Gallo to get rid of some of his property so his food and coffee would fit. Gallo explained that everything fit fine when the property box arrived in segregation, and Pedigo ordered Gallo to "do what I say." Gallo looked in the box and state property items, such as bed linens and clothes, had been incorrectly placed in his personal property box taking up room. Gallo removed the state property and then he had plenty of room for all of his personal property. Upon release from segregation on May 25, 2018, the same state property had been placed back into the property box

and his food and coffee were gone.

On May 10, 2018, Gallo was interviewed by Lieutenant Clark from Internal Affairs. Gallo explained the situation regarding his call pass and work assignment. Clark said he would check the cellhouse sign-in log sheet and clothing room file. On May 25, 2018, Clark informed Gallo that he spoke with Gallo's previous law library supervisor, Wilson, who verified that Gallo had a clothing room call pass on May 1, 2018.

### PRELIMINARY DISMISSALS

Gallo lists John Doe and Jane Doe as defendants in the case caption but fails to describe how they violated his constitutional rights. In fact, they are not referenced in the statement of claim section at all. Federal Rule of Civil Procedure 8(a)(2) requires " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Merely invoking the name of a potential defendant by listing him or her in the case caption either by name or John Doe designation is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). As there are no allegations against John Doe and Jane Doe in the Complaint, the claims against them are dismissed without prejudice.

### DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Counts:

**Count 1:** First Amendment claim against Defendants for retaliating against Gallo for assisting other inmates in the law library and writing a grievance on Jullious.

**Count 2:** Due process claim against Defendants for the issuance of an unsubstantiated disciplinary ticket resulting in segregation, status demotion, and loss of prison employment.

The parties and the Court will use these designations in all future pleadings and orders,

unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Count 1

To successfully plead a First Amendment retaliation claim a plaintiff must allege that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Gallo's retaliation claim has two parts. First, Gallo claims that (1) Johnson refused to let Gallo bring his legal documents to his law library job assignment on December 19, 2017; (2) Johnson and Humrickhouse harassed him and would not let him return to his job assignment on May 1, 2018, and wrote him an unsubstantiated disciplinary report on May 2, 2018; (3) Johnson, Humrickhouse, and Jullious fired him from his job; (4) Hoxworth found him guilty of the unsubstantiated disciplinary report; (5) Pedigo confiscated his property while in segregation in retaliation for Gallo helping other inmates in the library; and (6) Clark did not verify Gallo's version of events sooner. Second, Gallo claims that Jullious and Humrickhouse had him placed in segregation under investigation in retaliation for a grievance written about Jullious on May 3, 2018.

Gallo has pled sufficient allegations for Count 1 to proceed against Defendants Johnson, Humrickhouse, Jullious, Hoxworth, Pedigo, and Clark. *See Harris v. Walls,* 604 F. App'x 518 (2015) (ruling that "a prisoner may also help another inmate, otherwise unable to help himself, access the courts" but that his right is not unlimited); *Pearson v. Welborn,* 471 F. 3d 732, 741 (7th Cir. 2006) (protective activity includes the filing of grievances or lawsuits about prison officials

---

[1] *See Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

or prison conditions).

### Count 2

A false disciplinary ticket will not violate the Fourteenth Amendment if the inmate receives procedural due process in the disciplinary proceedings. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). To state a procedural due process claim under the Fourteenth Amendment, a plaintiff must sufficiently allege that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch,* 494 U.S. 113, 125 (1990).

Here, Gallo has failed to identify a protected liberty or property interest in the fact that he was placed in segregation for seventeen days, demoted to C-grade status, and fired from his work assignment. *See Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir.2000) (a prisoner does not have a protected liberty interest in not being placed in segregation); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (concluding that 90 days in segregation "was not so long as to work an atypical and significant hardship"); *Thomas v. Ramos*, 130 F.3d 754, 761 (7th F. App'x Cir. 1997) (demotion to C-grade status does not implicate constitutional interest); *Soule v. Potts,* 676 F. App'x 585, 586 (7th Cir. 2017) (no liberty or property interest in a prison job); *DeWalt v. Carter,* 224 F. 3d 607 (7th Cir. 2000) (no procedural due process claim for the loss of a prison job). Because Gallo fails to allege that he suffered the loss of a liberty or property interest which would trigger dues process protections, Count 2 is dismissed without prejudice.

### RECRUITMENT OF COUNSEL

In the Complaint, Gallo requests the Court to recruit counsel on his behalf to conduct discovery, investigations, and interviews of staff witnesses. (Doc. 1, p. 17). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from

doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Gallo has not provided any information for the Court to determine whether he has made a reasonable effort to obtain counsel on his own prior to seeking assistance from the Court. Therefore, his request for counsel is denied.

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** shall proceed against Johnson, Humrickhouse, Jullious, Hoxworth, Pedigo, and Clark. **COUNT 2** is **DISMISSED without prejudice**. John Doe and Jane Doe are **DISMISSED without prejudice**, and the Clerk of Court is **DIRECTED** to terminate them as parties in the docket. The request for court recruited counsel (Doc. 1, p. 17) is **DENIED without prejudice**.

The Clerk of Court **SHALL** prepare for **Humrickhouse, Johnson, Jullious, Hoxworth, Pedigo,** and **Clark** the following:   (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Gallo. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Gallo, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be

retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Gallo, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Gallo is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   June 15, 2021**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Gallo is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Gallo need not submit any evidence to the Court at his time, unless otherwise directed by the Court.