IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARL GALLO,** **#B18014,** | |
| Plaintiff, | Case No. 20-cv-00423-SPM |
| v. | |
| **TOM HUMRICKHOUSE,** *et al.,* | |
| Defendant. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court for the purpose of docket control. Defendant Lt. Jullious has yet to be served, and Plaintiff Carl Gallo has filed a motion asking the Court to direct the U.S. Marshalls to investigate Jullious's location and complete service. (Doc. 49). For the following reasons, the request is denied and Lt. Jullious is dismissed without prejudice.

### BACKGROUND

Plaintiff Carl Gallo, an inmate of the Illinois Department of Corrections who is currently incarcerated at Graham Correctional Center, filed this action pursuant to Section 1983 claiming that his constitutional rights were violated while he was housed at Big Muddy Correctional Center. After screening the Complaint pursuant to 28 U.S.C. § 1915A, Gallo is proceeding with a First Amendment claim against Defendants for retaliating against him for assisting other inmates in the law library and writing a grievance on Defendant Jullious. (Doc. 13). Because Gallo is proceeding *in forma pauperis,* the Court directed service on Defendants Humrickhouse, Johnson, Jullious, Hoxworth, Pedigo, and Clark on his behalf. The Clerk of Court sent requests for waivers of service and corresponding documents to Defendants' place of employment, Big Muddy Correctional

Page 1 of 4

Center, as provided by Gallo. Defendants were advised that if they failed to waive service then they would be required to pay the full costs of formal service. All Defendants, with the exception of Lt. Jullious, returned the waiver of service. (Doc. 23, 26).

The Litigation Coordinator at Big Muddy informed the Clerk of Court that Jullious no longer worked at the facility and provided a last known address. A waiver of service was then sent to Jullious at this new address. (Doc. 24). The waiver was returned unexecuted on September 14, 2021. (Doc. 27). The Clerk then issued a formal summons to be served by the United States Marshals Service. (Doc. 28). The summons was returned unexecuted on October 4, 2021, with the notation from the marshal, "this is an old address for Jeff Julius." (Doc. 31). Finding that the marshal had not made reasonable efforts to personally serve the summons and the Complaint on Jullious, the Court directed the Clerk to reissue the summons for Jullious. (Doc. 36) (citing *Williams v. Werlinger*, 795 F. 3d 759 (7th 2015); *Geder v. Godinez*, 221 F. 3d 1338 (Table), 2000 WL 874804, at *3 (7th Cir. 2000); *Graham v. Satkoski,* 51 F. 3d 710 (7th Cir. 1995); *Sellers v. United States,* 902 F. 2d 589 (7th Cir. 1990). The United States Marshals Service was instructed to make reasonable efforts to locate and serve him and to include an affidavit describing efforts made to ascertain Jullious's whereabouts if unsuccessful.

The summons was again returned unexecuted on November 29, 2021. (Doc. 47). The marshal who attempted to serve the Complaint included detailed notes[1] of the efforts taken to locate Jullious on the summons form. In the form, the marshal confirms that Jullious no longer is employed at Big Muddy and according to neighbors, he no longer resides at the forwarding address provided by Big Muddy. The forwarding address at the United States Postal Service is the same address as the one provided by Big Muddy.

---

[1] Upon directing the Clerk to reissue summons, the Court directed the marshal attempting service to file an affidavit describing efforts made to ascertain the defendant's whereabouts. (Doc. 36). The Court finds that these notes meets this requirement.

ANALYSIS

"Federal Rule of Civil Procedure 4(c)(3) provides that the Court must order service by the U.S. Marshal[s] if a plaintiff is authorized, as he is in this case, to proceed in forma pauperis under 28 U.S.C. § 1915." *Russell v. City of Milwaukee Housing*, No. 18-cv-1759-JPS, 2018 WL 5840772, at *2 (E.D. Wis. Nov. 8, 2018) (citing *Williams v. Werlinger*, 795 F. 3d 759, 760 (7th Cir. 2015)). The United States Marshals Service is then required to make reasonable efforts to personally serve the Complaint on the defendant. *See Geder v. Godinez*, 221 F. 3d 1338 (Table), 2000 WL 874804, at *3 (7th Cir. June 27, 2000).

Here, the Court is satisfied that the United States Marshals Service has made reasonable efforts to locate and serve Lt. Jullious, unfortunately without success. The correctional facility where Jullious is last known to have worked provided a last known address, and when the marshal attempted service at the address, the marshal was informed by neighbors that Jullious no longer resided there. The marshal then tried to obtain a forwarding address but was provided the same address as given by Big Muddy. These efforts are sufficient, and the Court will not direct further search by the marshal. The Court will also not hire a private investigator to locate Jullious. Although Gallo is proceeding *in forma pauperis,* the Court is not authorized to fund his litigation. *See Williams v. Lomen,* 81 F. App'x 871, 873 (7 Cir. 2003) (there exists no right to have the "public treasury defray all or part of the cost of litigation") (citing *Johnson v. Daley,* 339 F. 3d 582, 586 (7th Cir. 2003)).

At this point, there is no more for the Court to do. Therefore, as the United States Marshal Service has made reasonable, but ultimately unsuccessful, efforts to serve process on Lt. Jullious, and since more than 90 days have passed since the failure of service, Lt. Jullious is dismissed without prejudice from this action.

## DISPOSITION

For the reasons stated, Lt. Jullious is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to terminate Lt. Jullious as a party in the docket.

Plaintiff Gallo's requests for further investigation into Lt. Jullious's whereabouts or to hire a private investigator are **DENIED.**

**IT IS SO ORDERED.**

**DATED: February 9, 2022**

                                                    *s/Stephen P. McGlynn*
                                                    **STEPHEN P. MCGLYNN**
                                                    **United States District Judge**